# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LISA KECK,** | : Civil Action No. |
| **Plaintiff,** | : |
| v. | : *(Removed from the Superior Court of the State of* |
| | : *Delaware, C.A. NO. N24C-02-260 KMM)* |
| **AG DRILLING, INC., S&A Hauling, Inc.** | : |
| **AND RAYMON REYNOSA,** | : *Electronically Filed* |
| | : |
| **Defendants.** | : **JURY TRIAL DEMANDED** |
| | : |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE:**

**PLEASE TAKE NOTICE** that Removing Defendants AG Drilling, Inc., S&A Hauling, Inc. and Raymon Reynosa ("Removing Defendants") hereby remove the above-captioned action commenced in the Superior Court of the State of Delaware, at Civil Action No. N24C-02-260, to this Honorable Court pursuant to 28 U.S.C. §§ 1332 (Diversity of Citizenship), 1441 (Removal of Civil Actions), and 1446 (Procedure for Removal of Civil Actions), on the basis of the facts set forth below:

## PROCEEDINGS TO DATE

1. On February 27, 2024, Plaintiff commenced this action by filing a Complaint bearing the above caption.

2. An Amended Complaint was filed on March 5, 2024. A true and correct copy of the Amended Complaint is attached to this Notice at **Exhibit A** and is incorporated by reference herein.

3. The complaint names three defendants: (1) AG Drilling, Inc., (2) S&A Hauling, Inc., and (3) Raymon Reynosa.

4.  AG Drilling, Inc. and S&A Hauling, Inc. were served on April 27, 2024. *See* Exhibit A.

5.  Raymon Reynosa was served on October 5, 2024. *See* Exhibit A.

6.  All defendants, through their undersigned counsel, consent to the removal of this matter. *See* U.S.C. 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action) (emphasis added).

## PLAINTIFF'S COMPLAINT

7.  Plaintiff states that "on or about March 9, 2023, a motor vehicle operated by Defendant, Ramon Reynosa, struck a motor vehicle operated by the Plaintiff, Lisa Keck. The motor vehicle accident occurred on South Chapel Street, New Castle County, Delaware." *See* Complaint at Exhibit A at ¶ 4.

8.  Additionally, the Complaint alleges that, at all times material, "Defendant, Ramon Reynosa, was acting within the scope of his agency for the Defendants, S&A Hauling, Inc., and AG Drilling, Inc." *See* Complaint at Exhibit A at ¶ 3.

9.  The Complaint sets forth a single cause of action for negligence.

## GROUNDS FOR REMOVAL

### Diversity of Citizenship

10. For diversity jurisdiction to exist, no defendant in a civil action may be a citizen of the same state as any plaintiff. 28 U.S.C. § 1332(a)(1).

11. Complete diversity of citizenship exists in this case because none of the Removing Defendants are citizens of the same state as Plaintiff: (i) Plaintiff is a Delaware resident, (ii)

Defendant S&A Hauling, Inc. is a North Carolina Resident; (iii) Defendant AG Drilling, Inc. is a North Carolina Resident; (iv) Defendant Raymon Reynosa is a North Carolina Resident.

12. For the purpose of federal diversity jurisdiction, an individual is the citizen of the state where he or she is domiciled, meaning the state where the individual is physically present and intends to remain. 28 U.S.C. § 1332(a). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

13. Plaintiff resides in Delaware. *See* Complaint at Exhibit A at ¶ 1. Accordingly, Plaintiff is a citizen of the State of Delaware for diversity jurisdiction purposes.

14. Defendant S&A Hauling, Inc. is an organization incorporated in North Carolina, with its principal place of business at 4320 Windjammer Ct. Sw., Concord, North Carolina 28027. Accordingly, S&A Hauling, Inc. is a citizen of North Carolina for diversity jurisdiction purposes.

15. Defendant AG Drilling, Inc. is an organization incorporated in North Carolina, with its principal place of business at 4320 Windjammer Ct. Sw., Concord, North Carolina 28027. Accordingly, S&A Hauling, Inc. is a citizen of North Carolina for diversity jurisdiction purposes.

16. Defendant Raymon Reynosa resides in North Carolina. Accordingly, Mr. Reynosa is a citizen of North Carolina for diversity jurisdiction purposes.

17. Accordingly, diversity of citizenship exists among the parties.

**Amount in Controversy**

18. While it is true that when a plaintiff "'has not specifically averred' in her complaint that the amount in controversy is less than the jurisdictional minimum, a case may only be remanded 'if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Federico v. Home Depot*, 507 F.3d 188, 195-97 (3d Cir. 2007). Plaintiff here is unable to prove with a legal certainty that the amount in controversy could not exceed the statutory

threshold. In fact, Plaintiff's counsel stated, during a conversation with counsel for Removing Defendants, that the amount in controversy in this matter exceeds $1,000,000.00. *See* October 4, 2024 correspondence to Plaintiff, **Exhibit B**.

19. The Court's determination of the amount in controversy is not measured "by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). In applying the "legal certainty" test to assess the amount in controversy requirement, the Third Circuit has stated that "dismissal is appropriate only if the federal court is certain that the jurisdiction amount cannot be met." *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).

20. Courts within the United States Court of Appeals for the Third Circuit have held that "most removed personal injury cases will likely remain in federal court even if they involve a very minor injury – unless the plaintiff limits her damages below the jurisdictional limit." *Briggs v. Target Corp.*, 2015 WL 1145127 at *4 (D.N.J. Mar. 13, 2015) (quotations omitted).

21. On September 19, 2024, Plaintiff informed counsel for Removing Defendants that the amount in controversy in this matter "exceeds $1,000,000.00." *See* Exhibit B.

22. Plaintiff has thus not limited her alleged damages to an amount below the jurisdictional limit.

23. Given the nature and extent of Plaintiff's allegations, the Complaint places at issue more than $75,000, exclusive of interest and costs.

24. Therefore, it appears that Plaintiff will claim damages well in excess of the $75,000 statutory jurisdictional amount.

## VENUE

25.     Plaintiff filed the Complaint in the Superior Court of Delaware, which is within this jurisdictional district. *See* 28 U.S.C. § 84(c)(2). This Court is therefore the proper court for removal under 28 U.S.C. §§ 1441(a) and 1446(a).

## TIMELINESS

26.     This removal is outside the 30-day time period following receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"). Upon information and belief, Defendants AG Drilling and S&A Hauling were served with the Summons and Complaint on or about April 27, 2024. Defendant Raymon Reynosa was served on October 5, 2024.

27.     However, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum. *See Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993); *see also McLaren v. UPS Store, Inc.*, 32 F.4th 232 (3d Cir. 2022) (where the court stated the 30-day period for removal based on diversity jurisdiction commences upon the defendant receiving a document that makes the removability ascertainable, regardless of the defendant's prior knowledge or records).

28.     Other courts in this district have held similarly. *See, e.g., Entrekin v. Fisher Scientific Inc.*, 146 F.Supp.2d 594 (D.N.J. 2011) (the 30-day removal period begins only upon receipt of an "amended pleading, motion, order or other paper" that clearly indicates the case is removable based on the amount in controversy meeting the federal jurisdictional threshold); *Boggs*

*v. Harris*, 226 F.Supp.3d 475 (W.D. Pa. 2016) (where the court assessed when the action became removable based on the receipt of various documents including the change in the case's status to diversity jurisdiction).

29. As discussed above, it was not until September 19, 2024, when Removing Defendants learned that Plaintiff believes the expected damages in this case exceed $1,000,000.00. Upon learning this information, Removing Defendants immediately followed-up with Plaintiff to ensure that Removing Defendants understood correctly.

30. This Notice of Removal is being filed within 30-days of learning that the amount in controversy exceeds $75,000. This information changed the status of the case and allowed for diversity jurisdiction.

31. All pleadings pending in the Superior Court of Delaware for this matter at the time of removal have been appended to this Notice as **Exhibit A**.

## NOTICE

32. Removing Defendants will give written notice of the filing of this Notice of removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Notice of Removal, in the form attached here to as **Exhibit C** will be filed with the Clerk of the Superior Court of Delaware.

33. By filing this Notice of Removal, Removing Defendants do not waive any defenses or rights that may be available to them.

## CONCLUSION

34. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(c).

35. Based on the foregoing, Removing Defendants respectfully request that this action proceed in this Court as an action properly removed to it.

**FREEMAN MATHIS & GARY, LLP**

By: */s/ Daniel M. Young*
Daniel M. Young, Esquire
DE Bar No.: 4945
1521 West Concord Pike, Suite 301
Wilmington, DE 19803
302-985-3217
daniel.young@fmglaw.com
*Attorneys for Defendants, AG Drilling, Inc., S & A Hauling, Inc. and Raymon Reynosa*

Dated:  October 15, 2024