## 1IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LISA KECK,<br><br><br>        Plaintiff,<br><br><br>        v.<br><br>AG DRILLING, INC., S&A HAULING,<br>INC., AND RAMON REYNOSA,<br><br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No.: 1:24-cv-1145-CFC-SRF |

## MEMORANDUM ORDER

At Wilmington this **22nd** day of **June 2026**, the court, having considered the parties'
submissions (D.I. 48; D.I. 49 D.I. 51; D.I. 56; D.I. 57; D.I. 58; D.I. 61) regarding Defendants'
Motion to Quash (D.I. 49) pursuant to Federal Rule of Civil Procedure 45(d)(3), HEREBY
ORDERS that Defendants' Motion to Quash is **GRANTED**.

**1. Background.** This personal injury action arises from a motor vehicle accident. The
facts set forth in the Second Amended Complaint ("SAC") allege that on March 9, 2023, a
vehicle operated by Defendant Ramon Reynosa struck a vehicle operated by Plaintiff Lisa Keck
in New Castle County, Delaware. (D.I. 1 at 19) Plaintiff alleges Defendant Ramon Reynosa was
acting within the scope of agency for Defendants, S&A Hauling Inc. ("S&A") and AG Drilling,
Inc. ("AG") at the time of the alleged accident. (*Id.*) Plaintiff alleges Defendants were negligent

1

in a manner proximately causing Plaintiff to sustain physical injuries and mental anguish for which Plaintiff incurred special damages. (D.I. 1 at 20)

2. Plaintiff's complaint was originally filed in the Delaware Superior Court on February 27, 2024. The instant case was removed to the District Court of Delaware based upon diversity of citizenship under, 28 U.S.C. § 1332, on October 15, 2024. (D.I. 1 at 1-7)

3. On August 22, 2025, Plaintiff filed a Notice of Intent to Serve a Subpoena for the Deposition of non-party Joshua Satchell ("Satchell"), an employee of Defendants' liability insurance company.[1] (D.I. 40) Defendants filed their Motion to Quash on September 26, 2025, asserting that the subpoena was facially defective for not including the date or time of the deposition and the method of recording the testimony. (D.I. 43)

4. On November 13, 2025, Plaintiff filed a second Notice of Intent to Serve a Subpoena for the Deposition of Satchell. (D.I. 48) According to Plaintiff's status letter to the court (D.I. 57), the second subpoena replaced the original one and was intended by Plaintiff to cure the defects identified in Defendants Motion to Quash. (D.I. 43) Therefore, the first Motion to Quash was terminated as moot. (D.I. 59) Pending before the court is Defendants Motion to Quash the second or replacement subpoena for Satchell. (D.I. 49)

5. **Legal Standard.** "Under Federal Rule of Civil Procedure 45, parties may issue subpoenas to command a person to 'attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises.'" *Rardon v. Falcon Safety Prods., Inc.*, No. 23-

---

[1] Plaintiff represents that Satchell is the claims adjuster for Defendants' liability insurer and was responsible for handling Plaintiff's insurer's subrogation claim for property damage to Plaintiff's vehicle following the accident. (D.I. 58 at 3-4) Plaintiff contends that Satchell's handling of the property damage claim is relevant to the liability issues in this case and, therefore, seeks to question him at deposition. *See* Id. at 3-4

2

1594, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)). Likewise, "[d]iscovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b)." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Becton, Dickinson & Co.*, No. 14-4318, 2018 WL 627378, at *4 (D.N.J. Jan. 30, 2018) (internal citations omitted); *see also Rardon,* 2023 WL 5347298, at *2 ("The information sought is subject to general rules of discovery including that it must be relevant.")

A District Court "must quash or modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). *Rardon* identified the "[p]ertinent factors [the court should weigh] in the undue burden analysis [which include] relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance." *Rardon,* 2023 WL 5347298, at *2. Courts consider motions to quash subpoenas requesting either testimony or documents using the foregoing factors. *Id.* at *2 n.6 (citing *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022)).

6.    **Analysis.** Defendants move to quash the subpoena issued by Plaintiff on two grounds: (1) the subpoena requires Satchell to travel over 100 miles from his home and, therefore, is impermissible under Rule 45(c)(1)(A); and (2) the subpoena seeks irrelevant, burdensome and confidential information. (D.I. 51 at 4-5)

7. **The Subpoena Exceeds the 100 mile limit under Fed. R. Civ. P. 45(c)(1)(A).** Under Fed. R. Civ. P. 45(c)(1)(A), "A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Here, the subpoena commands Satchell, a resident of Phoenix, Arizona, to appear and testify at a deposition in Wilmington, Delaware. (D.I. 48)

3

**8.** The court finds the subpoena is facially defective because it requires Satchell to appear in Wilmington, Delaware, for a deposition that exceeds the 100 mile limit set by Fed. R. Civ. P. 45(c)(1)(A).[2] Therefore, the court grants Defendants' Motion to Quash. (D.I. 49) *See Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, No. CIV. 09-CV-66, 2009 WL 3242561, at *4 (D. Del. Oct. 8, 2009) (holding that "Rule 45(c)[1] requires the issuing court to quash or modify a subpoena that commands a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business"). Because the subpoena is defective on its face, the court need not address Defendants' additional arguments regarding relevance, burden or confidentiality.

**9. Conclusion.** For the reasons set forth herein, Defendants' Motion to Quash (D.I. 49) Plaintiff's subpoena is GRANTED.

**10.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**11.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants calculate the distance between Phoenix, Arizona, and Wilmington, Delaware, at 2,367 miles. (D.I. 51 at 6)